Christopher Andrew Mullally
18121 E Hampden C597
Aurora CO 80013
3039018367
christophermullally@gmail.com

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2025 JUN -2 PM 3:11

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

CHRISTOPHER ANDREW MULLALLY,

Plaintiff,

WESTLAKE FINANCIAL SERVICES, INC.,

PERITUS PORTFOLIO SERVICES, LLC,

ALL STAR RETRIEVERS, LLC, and

ADESA SALT LAKE CITY, INC.,

Defendants.

Case No. _____

**EMERGENCY COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## I. INTRODUCTION AND NATURE OF ACTION

1. **This is an action for emergency injunctive relief and substantial damages arising from Defendants' willful violations of federal bankruptcy law, the Fair Credit Reporting**

Act, and Colorado consumer protection statutes in connection with the wrongful repossession and attempted sale of Plaintiff's 2015 BMW 4 Series convertible.

2. On March 24, 2025, while Plaintiff's Chapter 7 bankruptcy case was active and the automatic stay was in full effect, Defendant Westlake Financial Services made the decision to repossess Plaintiff's vehicle in willful violation of 11 U.S.C. § 362(a)(3).

3. CRITICAL EVIDENCE: Defendants' own Notice of Intent to Dispose of Motor Vehicle dated May 19, 2025, admits the loan has an "Unpaid balance: $0.00" and "Past due payments: $0.00," yet Defendants proceeded with repossession and credit reporting manipulation while demanding additional payments totaling $14,000 from Plaintiff.

4. Despite Plaintiff's payment in full of all amounts demanded, Defendants failed to deliver the vehicle title as promised, concealed the vehicle's inoperable condition and missing key fob from Plaintiff, and prevented recovery by failing to disclose that a forklift would be required for loading.

5. Defendants have scheduled Plaintiff's vehicle for private sale on June 11, 2025, creating imminent and irreparable harm requiring emergency court intervention.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) for claims arising under 11 U.S.C. § 362(k) and 15 U.S.C. § 1681n, and supplemental jurisdiction under 28 U.S.C. § 1367 over related state law claims.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred in this judicial district.

## III. PARTIES

8. Plaintiff Christopher Mullally is an individual residing at 18121 E Hampden Ave Unit E597, Aurora, Colorado 80013.

9. **Defendant Westlake Financial Services, Inc.** is a California corporation with its principal place of business at 4751 Wilshire Boulevard, Suite 100, Los Angeles, California 90010.

10. **Defendant Peritus Portfolio Services, LLC** is a limited liability company acting as servicer for Westlake Financial Services.

11. **Defendant All Star Retrievers, LLC** is a limited liability company that performed the wrongful vehicle repossession on behalf of Westlake Financial Services.

12. **Defendant ADESA Salt Lake City, Inc.** is a corporation operating the vehicle auction facility where Plaintiff's vehicle is currently held and scheduled for sale.

## IV. FACTUAL ALLEGATIONS

### A. Background and Automatic Stay Violations

13. Plaintiff purchased a 2015 BMW 4 Series convertible (VIN: WBA3T1C53FP821074) financed through Defendant Westlake Financial Services.

14. On December 2, 2024, Plaintiff filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the District of Colorado, Case No. 24-17170-JGR, creating an immediate automatic stay under 11 U.S.C. § 362(a).

15. On March 24, 2025, while the automatic stay was in full effect, Defendant Westlake Financial Services made the decision to "recover" Plaintiff's vehicle. This decision occurred 22 days before the bankruptcy case was dismissed on April 15, 2025.

16. Defendant Westlake's own Notice of Intent to Dispose of Motor Vehicle, dated May 19, 2025, includes specific bankruptcy language acknowledging their knowledge of the bankruptcy filing: "If you have filed bankruptcy, this Notice is NOT an attempt to collect a pre-petition and/or discharged debt from you."

### B. Two-Notice Progression Demonstrating Willful Misconduct

17. On April 3, 2025, Defendants issued their first Notice of Intent to Dispose of Motor Vehicle showing a substantial unpaid balance, with sale scheduled for April 28, 2025.

18. In response to this first notice, Plaintiff paid $14,000 to Defendants ($13,000 for loan satisfaction plus $1,000 for claimed fees and storage), which Defendants accepted without objection.

19. CRITICAL DOCUMENTARY EVIDENCE: After accepting Plaintiff's payment in full, Defendants issued a second Notice of Intent to Dispose dated May 19, 2025, showing:

- "Unpaid balance: $0.00"

- "Past due payments: $0.00"

- Total Outstanding Balance: $931.99 (consisting only of fees)

- Total Amount Now Due for reinstatement: $121.30

20. This two-notice progression from legitimate debt collection to zero-balance disposition after payment demonstrates Defendants' knowledge of proper procedures and deliberate bad faith in continuing collection efforts on a satisfied loan.

### C. Title Promise and Non-Delivery

21. Following Plaintiff's $14,000 payment, Defendants promised to send the vehicle title to Plaintiff, as required by law after loan satisfaction, but never delivered it.

22. On May 1, 2025, Defendant Peritus Portfolio Services acknowledged through email correspondence: "You have been able to recover vehicle since 4/10/2025 (after we received final payment on 4/8/2025)," confirming loan satisfaction.

23. Despite this acknowledgment, Defendants never delivered the title as promised and instead continued preparing to sell the vehicle with a confirmed "$0.00 unpaid balance."

### D. Vehicle Condition Concealment

24. When Plaintiff arranged for a professional shipping company to travel from Colorado to Utah to retrieve the vehicle, he discovered for the first time that:

- **The vehicle was completely inoperable**

- **The vehicle was missing its key fob (replacement cost: approximately $300-700)**

- **A forklift would be required to load the vehicle**

- **Defendants had concealed these material facts despite knowing Plaintiff intended to recover the vehicle**

**25.** This concealment of the vehicle's condition prevented Plaintiff from effectively recovering his property despite having paid all amounts demanded by Defendants.

**26.** The shipping company was unable to retrieve the vehicle due to these concealed conditions, causing Plaintiff to incur wasted shipping costs.

### E. Credit Manipulation Evidence

**27.** After accepting Plaintiff's $14,000 payment, Defendants engaged in willful credit reporting manipulation:

- **Initially reported the loan as "satisfied"**

- **Same day changed reporting to show derogatory marks**

- **Subsequently reported the loan as "charged off"**

- **All while their own records show "$0.00" unpaid balance**

### F. Imminent Sale and Emergency Circumstances

**28.** Defendants have scheduled Plaintiff's vehicle for private sale "sometime after 8:00 AM on 06/11/2025" at ADESA SALT LAKE, 780 SOUTH 5600 WEST, SALT LAKE CITY, UT 84104.

**29.** The sale is currently listed online with "Sale Pending" status, indicating a buyer may already be identified, creating extreme urgency for court intervention.

**30.** The vehicle contains approximately $8,000 in personal property that will be permanently lost if the sale proceeds.

### V. CLAIMS FOR RELIEF

**COUNT I: WILLFUL AUTOMATIC STAY VIOLATION (11 U.S.C. § 362(k))**

31. Plaintiff incorporates all preceding allegations by reference.

32. The March 24, 2025 repossession decision during the active automatic stay constitutes a willful violation of 11 U.S.C. § 362(a)(3).

33. Defendants' knowledge of the bankruptcy is established by their own written admissions and the bankruptcy language in their May 19, 2025 Notice.

34. Plaintiff is entitled to actual damages, attorney fees, and punitive damages under 11 U.S.C. § 362(k).

**COUNT II: WILLFUL FCRA VIOLATIONS (15 U.S.C. § 1681n)**

35. Plaintiff incorporates all preceding allegations by reference.

36. Defendants willfully furnished false information to credit reporting agencies by reporting the loan as "charged off" while their own records show "$0.00" unpaid balance.

37. The credit manipulation sequence from "satisfied" to "derogatory" to "charge-off" within days constitutes multiple willful FCRA violations.

38. Plaintiff is entitled to statutory damages of $100-$1,000 per violation, punitive damages, and attorney fees.

**COUNT III: COLORADO CONSUMER PROTECTION ACT VIOLATIONS (C.R.S. § 6-1-105)**

39. Plaintiff incorporates all preceding allegations by reference.

40. Defendants engaged in deceptive trade practices by:

- Demanding $14,000 payment for a loan showing "$0.00" unpaid balance

- Repossessing a vehicle for a satisfied loan

- Misrepresenting credit status through false reporting

- Promising to deliver title after payment but failing to do so

- Concealing material information about the vehicle's inoperable condition and missing key fob

41. The two-notice progression from legitimate debt collection to zero-balance disposition after payment demonstrates systematic deception rather than isolated error.

42. Plaintiff is entitled to treble damages and attorney fees under C.R.S. § 6-1-113.

## COUNT IV: COLORADO UNIFORM CONSUMER CREDIT CODE VIOLATIONS (C.R.S. § 5-5-110)

43. Plaintiff incorporates all preceding allegations by reference.

44. Defendants failed to provide the mandatory "Notice of Right to Cure" required under Colorado law before repossession.

45. Plaintiff is entitled to statutory remedies including injunctive relief and damages.

## COUNT V: CONVERSION

46. Plaintiff incorporates all preceding allegations by reference.

47. Defendants' possession and attempted sale of Plaintiff's vehicle after loan satisfaction constitutes conversion.

48. Plaintiff is entitled to the fair market value of the vehicle ($17,000) and personal property ($8,000).

## COUNT VI: BREACH OF COLLATERAL PRESERVATION DUTIES

49. Plaintiff incorporates all preceding allegations by reference.

50. Defendants failed to preserve the vehicle in its original condition, as evidenced by the inoperable state and missing key fob.

51. The replacement cost for a BMW key fob is several hundred dollars, and the inoperable condition diminishes value beyond normal wear and tear.

52. Defendants concealed these material facts while making representations about vehicle availability for recovery.

53. Plaintiff is entitled to damages for diminished value and repair costs.

### COUNT VII: MATERIAL CONDITION CONCEALMENT

54. Plaintiff incorporates all preceding allegations by reference.

55. Defendants knowingly concealed material facts about the vehicle's condition, including:

- That the vehicle was completely inoperable

- That the key fob was missing

- That a forklift would be required to load the vehicle

56. This concealment prevented Plaintiff from effectively recovering his property despite having paid all amounts demanded.

57. Plaintiff is entitled to damages for the failed recovery attempt, diminished value, and costs to restore the vehicle.

### COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff incorporates all preceding allegations by reference.

59. Defendants' pattern of willful misconduct, including automatic stay violations, credit manipulation, title non-delivery, and condition concealment, constitutes extreme and outrageous conduct.

60. Plaintiff has suffered severe emotional distress from the wrongful repossession, credit damage, and inability to recover his property despite full payment.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Emergency Injunctive Relief:

EMERGENCY COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

8

1. Issue an immediate temporary restraining order halting the June 11, 2025 sale;

2. Order preservation of the vehicle and personal property;

3. Require correction of credit reports within 48 hours;

4. Order immediate delivery of the vehicle title to Plaintiff;

   B. Monetary Damages:

1. Actual damages of $39,000 (vehicle value + personal property + payments made);

2. Additional damages for diminished value due to inoperable condition and missing key fob;

3. Compensation for shipping company costs incurred in failed recovery attempt;

4. FCRA statutory damages of $3,000-$5,000 for multiple willful violations;

5. Punitive damages of $75,000-$150,000 for willful automatic stay violations;

6. Treble damages under Colorado Consumer Protection Act;

7. Attorney fees under all applicable statutes;

   C. Additional Relief:

1. Return of the vehicle to Colorado at Defendants' expense;

2. Restoration of the vehicle to operable condition, including replacement of the missing key fob;

3. Permanent injunction against further collection efforts;

4. Such other relief as the Court deems just and proper.

## VII. JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Mullally

Christopher Mullally, Pro Se

18121 E Hampden Ave Unit E597

Aurora, CO 80013

Phone: 303-901-8367

Email: christophermullally@gmail.com

I hereby certify that a true and correct copy of the foregoing was served upon all parties via the methods indicated below on this __2__ day of June, 2025:

Via CM/ECF System (registered participants)

Via Email to: [Defendant email addresses]

Via Overnight Delivery to: Westlake Financial Services, 4751 Wilshire Blvd, Suite 100, Los Angeles, CA 90010

Via Certified Mail to: [All defendant addresses]

/s/ Christopher Mullally

Christopher Mullally

Christopher Andrew Mullally
18121 E Hampden C597
Aurora CO 80013
3039018367
christophermullally@gmail.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

CHRISTOPHER ANDREW MULLALLY,

Plaintiff,

WESTLAKE FINANCIAL SERVICES, INC.,

PERITUS PORTFOLIO SERVICES, LLC,

ALL STAR RETRIEVERS, LLC, and

ADESA SALT LAKE CITY, INC.,

Defendants.

Case No. _____

**DECLARATION OF CHRISTOPHER MULLALLY IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Christopher Mullally, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct based on my personal knowledge:

## I. BACKGROUND AND IDENTIFICATION

1. I am the Plaintiff in this action and an adult resident of Aurora, Colorado. I have personal knowledge of the facts set forth in this declaration.

2. I am the owner of a 2015 BMW 4 Series convertible, VIN: WBA3T1C53FP821074, originally financed through Defendant Westlake Financial Services, Inc.

3. I purchased this vehicle as my primary means of transportation and have maintained it as my principal vehicle since purchase.

## II. BANKRUPTCY FILING AND AUTOMATIC STAY

4. On December 2, 2024, I filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Colorado, Case No. 24-17170-JGR.

5. The filing of my bankruptcy petition created an immediate automatic stay under 11 U.S.C. § 362(a), which prohibited creditors from taking any action to exercise control over property of the bankruptcy estate, including my vehicle.

6. My bankruptcy case remained active until April 15, 2025, when it was dismissed. During this entire period, the automatic stay was in full effect.

## III. WESTLAKE'S WILLFUL AUTOMATIC STAY VIOLATION

7. On March 24, 2025, while my bankruptcy case was active and the automatic stay was in full effect, Defendant Westlake Financial Services made the decision to "recover" my vehicle.

8. This decision was made 22 days before my bankruptcy case was dismissed, demonstrating that Westlake acted with full knowledge of the active automatic stay.

9. Westlake's knowledge of my bankruptcy filing is further evidenced by their May 19, 2025 "Notice of Intent to Dispose of Motor Vehicle," which includes specific bankruptcy language: "If you have filed bankruptcy, this Notice is NOT an attempt to collect a pre-petition and/or discharged debt from you."

## IV. TWO-NOTICE PROGRESSION: CRITICAL EVIDENCE OF SYSTEMATIC BAD FAITH

10. On April 3, 2025, Defendants issued their first Notice of Intent to Dispose of Motor Vehicle showing a substantial unpaid balance.

11. This first notice was commercially reasonable and demonstrated Defendants' knowledge of proper debt collection procedures.

12. In response to this legitimate notice, I paid $14,000 total to Defendants ($13,000 for loan satisfaction plus $1,000 for claimed storage, repossession fees, and related costs).

13. Defendants accepted my payment without objection or reservation.

14. EXHIBIT C attached hereto is a true and correct copy of Defendants' second "Notice of Intent to Dispose of Motor Vehicle" dated May 19, 2025.

15. This second Notice contains the following critical admissions by Westlake:

   - "Unpaid balance: $0.00"

   - "Past due payments: $0.00"

   - Total Outstanding Balance: $931.99 (consisting only of fees: $810.69 finance charge, $91.30 late fees, $30.00 NSF fees)

   - Total Amount Now Due for reinstatement: $121.30

16. This two-notice progression from legitimate debt collection to zero-balance disposition after my payment proves Defendants' knowledge of proper procedures and their willful choice to continue violations despite having no legal basis to do so.

V. TITLE PROMISE AND NON-DELIVERY

17. Following my $14,000 payment and loan satisfaction, Defendants promised to send the vehicle title to me, as required by law.

DECLARATION OF CHRISTOPHER MULLALLY IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

4

18. On May 1, 2025, Defendant Peritus Portfolio Services acknowledged through email correspondence (Exhibit K3): "You have been able to recover vehicle since 4/10/2025 (after we received final payment on 4/8/2025)," confirming loan satisfaction.

19. Despite this acknowledgment and their legal obligation to deliver the title upon loan satisfaction, Defendants never sent the title to me.

20. The failure to deliver the title, combined with their ongoing detention of the vehicle despite zero unpaid balance, constitutes additional deceptive conduct.

## VI. VEHICLE CONDITION CONCEALMENT AND FAILED RECOVERY ATTEMPT

21. After receiving confirmation of loan satisfaction, I arranged for a professional shipping company to travel from Colorado to Utah to retrieve my vehicle.

22. When the shipping company arrived at ADESA Salt Lake City, they discovered for the first time that:

- The vehicle was completely inoperable and could not run under its own power
- The vehicle was missing its key fob (replacement cost for a BMW key fob is $300-700)
- The vehicle could not be steered or moved normally
- A forklift would be required to load the vehicle onto the transport carrier

23. These material facts were concealed from me by Defendants despite their knowledge that I intended to recover the vehicle.

24. The shipping company was unable to retrieve the vehicle due to these concealed conditions, causing me to incur wasted shipping costs.

25. BMW key fobs cost several hundred dollars to replace, and the inoperable condition represents additional damage that occurred while the vehicle was in Defendants' custody.

## VII. CREDIT DAMAGE AND ONGOING VIOLATIONS

26. After accepting my $14,000 payment, Defendants engaged in deliberate credit reporting manipulation:

- Initially reported my loan as "satisfied" on my credit reports

- On the same day, changed the reporting to show derogatory marks

- Subsequently reported the loan as "charged off"

- All while their own May 19, 2025 Notice shows "$0.00 unpaid balance"

27. This false credit reporting has caused substantial damage to my credit score and financial standing.

28. Each day that the false credit reporting continues constitutes additional willful violations of the Fair Credit Reporting Act and accumulating harm to my credit reputation.

29. The credit damage affects my ability to obtain employment, housing, and financial services.

## VIII. VEHICLE AND PERSONAL PROPERTY

30. My vehicle contained approximately $8,000 worth of personal property, including:

    - Electronics and equipment

    - Personal documents and files

    - Clothing and personal items

    - Items of sentimental value that cannot be replaced

31. The vehicle's current fair market value is approximately $17,000 based on online vehicle valuation sources.

32. The missing key fob and mechanical problems represent additional damages caused by Defendants' failure to properly maintain the vehicle while in their possession.

## IX. IMMINENT SALE AND EMERGENCY CIRCUMSTANCES

33. According to Westlake's May 19, 2025 Notice, my vehicle is scheduled for private sale "sometime after 8:00 AM on 06/11/2025" at:

ADESA SALT LAKE

DECLARATION OF CHRISTOPHER MULLALLY IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

780 SOUTH 5600 WEST

SALT LAKE CITY, UT 84104

34. I have discovered that my vehicle is currently listed online with "Sale Pending" status, indicating that a buyer may already be identified and the sale could occur imminently.

35. Once my vehicle is sold to a third party, recovery will become impossible, and I will suffer permanent and irreparable harm.

## X. ATTEMPTS TO RESOLVE AND DEFENDANTS' UNRESPONSIVENESS

36. I have made numerous attempts to resolve this matter with Defendants, including:

- Multiple written demands for vehicle return

- Telephone calls to Westlake's customer service line

- Email communications with Peritus Portfolio Services (Exhibits K1-K5)

- Payment of the $14,000 demanded by Defendants

37. Despite my payment of amounts far exceeding what Defendants claim was owed, and despite their own admission that the unpaid balance is "$0.00," Defendants have refused to return my vehicle.

38. Defendants have been unresponsive to my legitimate demands for resolution, forcing me to seek emergency court intervention.

## XI. IRREPARABLE HARM AND NEED FOR IMMEDIATE RELIEF

39. I will suffer immediate and irreparable harm if the June 11, 2025 sale proceeds, including:

  - Loss of my primary vehicle worth approximately $17,000

  - Loss of $8,000 in personal property stored in the vehicle

  - Continued credit damage from false reporting of a satisfied loan

  - Loss of transportation essential for employment and daily activities

  - Additional costs to replace the missing key fob and repair mechanical issues

40. Money damages cannot adequately compensate for:

  - The unique personal property stored in my vehicle

  - The ongoing credit damage from false reporting

  - The loss of my primary means of transportation

  - The irreversible nature of a third-party sale

41. Only immediate injunctive relief can prevent these irreversible harms.

## XII. LIKELIHOOD OF SUCCESS

42. I have a strong likelihood of success on the merits of my claims because:

- Westlake's March 24, 2025 repossession decision clearly violated the automatic stay

- Westlake admits knowledge of my bankruptcy in their own Notice

- Westlake's own records show "$0.00 unpaid balance," making any sale wrongful

- The credit reporting manipulation violates federal law

- The two-notice progression proves willful misconduct rather than error

- The concealment of the vehicle's condition constitutes deceptive conduct

43. The evidence establishes willful violations of federal bankruptcy law, the Fair Credit Reporting Act, and Colorado consumer protection statutes.

## XIII. BALANCE OF EQUITIES

44. The balance of equities strongly favors granting immediate relief because:

- I have already paid $14,000, far exceeding any claimed amounts owed

- Defendants admit the unpaid balance is "$0.00"

- Defendants have engaged in willful violations of federal law

- A brief delay in sale will not harm Defendants, while the sale will cause me irreversible harm

- Defendants' concealment of the vehicle's condition shows bad faith

45. The public interest supports enforcing federal bankruptcy protections and preventing false credit reporting.


XIV. EMERGENCY NATURE OF RELIEF


46. This motion must be granted on an emergency basis because:

- Only 10 days remain until the scheduled June 11, 2025 sale

- The "Sale Pending" status indicates imminent completion

- Normal notice and hearing procedures would render relief meaningless

- Each day of delay risks permanent loss through third-party sale


47. I have made good faith efforts to notify Defendants of this motion, but advance notice would be futile given their pattern of unresponsiveness and might prompt them to accelerate the sale.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____2nd_____, 2025, at Aurora, Colorado.


/s/ Christopher Mullally

Christopher Mullally

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Declaration was served upon all parties via the methods indicated below on this 2nd day of June, 2025:

Via Overnight Delivery to: Westlake Financial Services, 4751 Wilshire Blvd, Suite 100, Los Angeles, CA 90010

Via Email to: [Known email addresses]

Via Certified Mail to: [All defendant addresses]

Via Process Server for immediate personal service

/s/ Christopher Mullally

Christopher Mullally



PLAINTIFF'S
EXHIBIT

A

DebtEd, MEANSNO

# U.S. Bankruptcy Court
## District of Colorado (Denver)
### Bankruptcy Petition #: 24-17170-JGR

*Date filed:* 12/02/2024
*Deadline for objecting to discharge:* 03/04/2025
*Deadline for financial mgmt. course:* 03/04/2025

*Assigned to:* Joseph G. Rosania Jr.
Chapter 7
Voluntary
No asset

*Debtor*
**Christopher Andrew Mullally**
18121 East Hampden Avenue
C597
Aurora, CO 80013
ARAPAHOE-CO
619-438-0889
SSN / ITIN: xxx-xx-5195
Tax ID / EIN: 47-4773486

represented by **Christopher Andrew Mullally**
PRO SE

*Trustee*
**Joli A. Lofstedt**
Joli A. Lofstedt,Trustee
PO Box 270561
Louisville, CO 80027
303-476-6916
joli@jaltrustee.com

*U.S. Trustee*
**US Trustee**
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294
303-312-7230
USTPRegion19.DV.ECF@usdoj.gov



| Filing Date | # | Docket Text |
|---|---|---|
| 12/02/2024 | � | New Bankruptcy Case Opened . Section 521 Incomplete Filings due by 1/16/2025. (ccr) (Entered: 12/02/2024) |
| 12/02/2024 | � | Creditors ReceiptCase Number 1:24-bk-17170Total Creditors Added to Database 17 . (ccr) (Entered: 12/02/2024) |

PLAINTIFF'S
EXHIBIT

B



# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHRISTOPHER ANDREW MULLALLY | ) | Case No. 24-17170 JGR |
| *****5195 | ) | Chapter 7 |
| | ) | |
| | ) | |
| *Debtor.* | ) | |

## ORDER GRANTING TRUSTEE'S MOTION TO DISMISS CASE
## FOR FAILURE TO ATTEND 341 MEETING

THIS COURT, having reviewed the Trustee's Motion to Dismiss Case for Failure to Attend 341 Meeting (the "*Motion*") filed by Joli A. Lofstedt, Chapter 7 Trustee in accordance with 11 U.S.C. §707(a)(1) and Fed.R.Bankr.P. 1017(e), finding notice of the Motion was served in accordance with L.B.R. 9013, having been shown good cause and being advised of the premise, it is hereby:

ORDERED that Trustee's Motion is GRANTED;

IT IS FURTHER ORDERED, that the above-captioned Chapter 7 case is DISMISSED.

Date: __April 15__, 2025.

BY THE COURT:

_____

The Honorable Joseph G. Rosania Jr.
United States Bankruptcy Court Judge

4

033132    61908033165017



**Westlake Financial®**
4751 Wilshire Blvd. Suite 100
Los Angeles, CA 90010
1-888-739-9192



PLAINTIFF'S
EXHIBIT
C

**CHRISTOPHER MULLALLY**
**18121 E HAMPDEN AVE UNIT E597,**
**AURORA, CO 80013**

## NOTICE OF INTENT TO DISPOSE OF MOTOR VEHICLE
California Civil Code Sections 2983.2 and 2983.3
California Commercial Code Sections 9613, 9614 and 9623

Date of Notice: 05/19/2025                                        Account: 32217295

| Name and address of holder of contract and legal owner of Vehicle (secured party):<br><br>Telephone number to call for information:  1-888-739-9192 | Westlake Financial Services<br>4751 Wilshire Blvd, Suite 100<br>Los Angeles, CA 90010 |
|---|---|

| Description of Motor Vehicle ("Vehicle") | | | |
|---|---|---|---|
| **Year**<br>2015 | **Make**<br>BMW | **Body**<br>4 SERIES | **Vin**<br>WBA3T1C53FP821074 |

| Name and address of each person (debtor) liable on the Agreement:<br>**CHRISTOPHER MULLALLY**<br>**18121 E HAMPDEN AVE UNIT**<br>**E597**<br>**AURORA, CO 80013** |
|---|

**Subject: Motor Vehicle Conditional Contract of Sale ("Agreement")**

**Notice of Our Plan to Sell Property**

We have your Vehicle because you broke promises in our Agreement. We intend to dispose of the Vehicle as explained in this Notice, subject to your rights to reinstate the Agreement and get the Vehicle back (redeem) as described in this Notice.

| ☒ Private Sale |
|---|
| We will sell the Vehicle at private sale sometime after 8:00 AM on 06/11/2025. A sale could include a lease or license. |

The sale date will be at least 20 days from the date of this Notice. You have the right to request an extension of this time of 10 additional days (see Right to Request an Extension of Time Form, bottom of page 4).

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can redeem the Vehicle (get it back) at any time before we sell it by paying us the Total Outstanding Balance (not just the past due payments) including our expenses. To learn the exact amount you must pay, call us at the telephone number shown at the top of this Notice, or refer to the REINSTATEMENT AND REDEMPTION section below.  If you want us to explain to you in writing how we have figured the amount that you owe us, you may refer to the explanation in this Notice, or you may call us at the telephone number shown at the top of this Notice, or you may write to us at the address shown at the top of this Notice and request a written explanation.




**PLAINTIFF'S EXHIBIT**

If you need more information about the sale of the Vehicle, call us at the telephone n_____ Notice or write to us at the address shown at the top of this Notice.

We are sending this Notice to each of the people who owe money under the Agreement, as shown at the top of this Notice, or people who have an interest in the Vehicle and who are not shown at the top of this Notice.

**IMPORTANT NOTICE IF YOU HAVE FILED BANKRUPTCY: If you have filed bankruptcy, this Notice is NOT an attempt to collect a pre-petition and/or discharged debt from you, but is being made for the sole purpose of complying with Article 9 of the Uniform Commercial Code. Because you have filed for bankruptcy, we may be stayed from attempting to collect any deficiency from you outside of the bankruptcy case. After you receive a discharge of your debts in the bankruptcy case, you may no longer be personally liable to us for any deficiency. We may, however, seek to enforce any existing liens against any other property that you gave as collateral for the debt.**

**PLEASE BE ADVISED THAT** if you have purchased a Guaranteed Asset Protection Waiver ("GAP Waiver") in connection with the above-referenced vehicle and account number, you are generally entitled to a refund of the unearned portion of the GAP Waiver charges on a pro rata basis upon early termination of the Agreement or cancellation of the GAP waiver. Please contact the administrator, or any other appropriate person identified in your GAP Waiver agreement directly for identification of the amount of any such refund available to you.

## REINSTATEMENT AND REDEMPTION

You are in default under the Agreement for the reason indicated below:

- ☐ Failure to make payment(s) due under the Agreement.
- ☑ Failure to keep the Vehicle free from encumbrances and liens.
- ☐ You have notified us you will no longer be performing your obligations under the contract and have voluntarily surrendered the vehicle.

**Right to Reinstate:**

(If checked) ☑ You have the right to reinstate the Agreement and get the Vehicle back. To reinstate, you must do the following:

1. Pay the **Total Amount Now Due (Valid Until Next Payment Due Date of 06/04/2025)** before your next scheduled payment date.

| | |
|---|---|
| Past due payments | $ 0.00 |
| Unpaid late fees | +$ 91.30 |
| Unpaid NSF fees | +$ 30.00 |
| Unpaid other fees _____ | +$ 0.00 |
| Repossession expenses | +$ 0.00 |
| **Total Amount Now Due** | $ 121.30 |

2. If your vehicle was repossessed in California, pay a $15 repossession report fee to the law enforcement agency for the government entity to which the repossession was reported. The repossession of the Vehicle was reported to the **N/A**, located at **N/A**. If your vehicle was repossessed in California and reported to a California law enforcement agency, please contact that agency to arrange for payment of the fee. You must then provide Westlake Financial Services, at the address listed at the top of this Notice, with proof that you paid the fee, if applicable.

3. Your next monthly payment of **$365.25** will be due to Westlake Financial Services on **06/04/2025**. If you reinstate your Agreement after **06/04/2025**, you will need to pay that **$365.25** payment in addition to the **Total Amount Now Due**, see section "1" above. If you reinstate your Agreement 10 days after the next due date you will be required to pay a late fee of $ **0.00** and the **$365.25** in addition to the **Total Amount Now Due**, see section "1" above.

Payment of the amount required to reinstate the Agreement must be made to Westlake Financial Services, 4751 Wilshire Blvd. Suite 100, Los Angeles, CA 90010. Payment must be paid in cash, certified funds, or the equivalent.



If you choose to reinstate your Agreement, you must contact us at the telephone number above between the hours of 8:00am and 5:00pm Pacific Time to arrange for the retrieval of your Vehicle from the location indicated below. You must obtain a confirmation of release of Vehicle from us, which we will provide to you upon payment of the **Total Amount Now Due** in section 1 and, as applicable, the amounts that will come due during the reinstatement period as provided in sections 2 through 3 above.

Your right to reinstate expires at 8:00 AM on <u>06/11/2025</u>, unless you properly request an extension of time (see the Right to Request an Extension of Time form, below) in which case the reinstatement period will automatically be extended by 10 days. If you reinstate the Agreement within 20 days of the date of the Notice (plus the additional 10 days if you properly request an extension), you will not need to pay us more than the **Total Amount Now Due** in section 1 and, as applicable, the amounts that will come due during the reinstatement period as provided in sections 2 through 3 above.

<u>No Right To Reinstate:</u>

<u>(If checked)</u> ☐ You do not have the right to reinstate the Agreement because: .

<u>Right To Redeem Vehicle:</u>

You have the right to redeem (get back) the Vehicle at any time up until the date we sell the Vehicle , or the date we enter into a contract for its sale, by paying us at address are shown at the top of page 1 of this Notice the **Total Outstanding Balance**, below (not just the past due payments). Payment must be paid in cash, certified funds, or the equivalent.

|  |  |
|---|---|
| Unpaid balance | **$0.00** |
| Unpaid finance charge due | +**$810.69** |
| Unearned finance charge | -**$0.00** |
| Unpaid late fees | +**$ 91.30** |
| Unpaid NSF fees | +**$ 30.00** |
| Unpaid other fees _____ | -+**$ 0.00** |
| Repossession expenses | +**$ 0.00** |
| **Total Outstanding Balance** | **$931.99** |

If your vehicle was repossessed in California, in order for you to redeem your Vehicle and have the Vehicle returned to you, California law requires that you first pay a $15 repossession report fee to the law enforcement agency for the government entity to which the repossession was reported. The repossession of the Vehicle was reported to the <u>N/A</u>, located at <u>N/A</u>. If your vehicle was repossessed in California and reported to a California law enforcement agency, please contact that agency to arrange payment of the fee. You must then provide Westlake Financial Services, at the address listed at the top of this Notice, with proof that you paid the fee, if applicable.

If you choose to redeem, you must contact us at the telephone number above between the hours of 8:00 AM and 5:00 PM Pacific Time, Monday through Friday, to arrange for the retrieval of your Vehicle from the location indicated below. You must obtain a confirmation of release of Vehicle from us, which we will provide to you upon payment of the **Total Outstanding Balance** above.

If you redeem the Vehicle at any time up until the date we sell the Vehicle, you will not need to pay us more than the **Total Outstanding Balance** above.

## LOCATION OF VEHICLE
If you have the right to reinstate your Agreement and you reinstate your Agreement, or redeem the Vehicle by paying the Total Outstanding Balance, the Vehicle will be returned to you at **ADESA SALT LAKE 780 SOUTH 5600 WEST SALT LAKE CITY, UT 84104.** We will arrange an appointment for you to retrieve the Vehicle during the normal business hours of the facility where the Vehicle is located. You must contact us at the telephone number above to arrange a time and date for the appointment. You must obtain a confirmation of release of Vehicle from us before you can retrieve the Vehicle.

## WRITTEN ACCOUNTING



PLAINTIFF'S
EXHIBIT

F

We will provide you with a written accounting following sale of the Vehicle. If there is [illegible] within 45 days of the date of sale unless we are required by law to pay it to someone else. You may request another written accounting from the person whose name and address are show at the top of page 1 of this Notice within one year of date of the sale by delivering to us or mailing to us your written request by first class mail, postage prepaid, or certified mail, return receipt requested.

**NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE AGREEMENT BALANCE AND ANY OTHER AMOUNTS DUE.**

Upon disposition of the Vehicle, you may be liable for any deficiency balance plus interest at the contract rate of 29.99, or at the legal rate of interest pursuant to California Civil Code Section 3289 if there is no contract rate of interest, from the date of disposition of the Vehicle to the date of entry of Judgment.

If you have filed for bankruptcy, or have been discharged in bankruptcy, this letter is for information purposes only and is not intended as an attempt to collect a debt.

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### RIGHT TO REQUEST AN EXTENSION OF TIME FORM

To request a 10 day extension of the 20 day redemption period and, if you are entitled to reinstate your Agreement, the 20 day reinstatement period, complete this form and either personally serve the completed form on us or send it to us by certified or registered mail, return receipt requested. Our address is Westlake Financial Services, 4751 Wilshire Blvd, Ste. 100, Los Angeles, California 90010. If we receive the completed form within 20 days of the date of mailing of this Notice, we will extend the sale date of the Vehicle to 06/23/2025, and, if you have the right to reinstate the Agreement, the time to reinstate the Agreement by an additional 10 days. If you extend the time but do not exercise your right to reinstate the Agreement or redeem the Vehicle, we will sell your Vehicle at a private sale sometime after 8:00 AM on 06/23/2025.

To: [Secured Party] Westlake Financial Services 4751 Wilshire Blvd. Suite 100,. Los Angeles CA 90010

Your Name _____ Account No. _____ 32217295 _____

Signature _____ Date _____

 Gmail

Christopher Mullally <christopl



PLAINTIFF'S
EXHIBIT
G
_____

# Payment Confirmation

1 message

---

**customerservice@westlakefinancial.com** <customerservice@westlakefinancial.com>    Tue, Apr 8, 2025 at 1:17 PM
Reply-To: customerservice@westlakefinancial.com
To: CHRISTOPHERMULLALLY@gmail.com

---

Thank you for your recent payment(s) request. This is to confirm your authorization for an electronic debit from your funding account payable to Westlake Financial Services on Apr 8, 2025 for the following account(s) that total $915.00.

Account Number: ****7295
Confirmation Number: 1226992949
Effective Date: Apr 8, 2025
Payment Amount: $910.00
ACI Payments, Inc. Processing Fee: $5.00

Your payment will be processed on the effective date listed above or sooner. In the event that the electronic payment to your account is return unpaid, an additional return item fee of up to $30.00 each payment will be reflected on your next billing statement and due the following bill cycle due date, or sooner, upon our request.

If you have any questions, concerns or require clarification regarding this correspondence, please contact customer service, toll free at (888) 739-9192. Our business hours are Monday to Friday, from 5am to 7pm, Saturday and Sunday, from 5am to 2pm Pacific Standard Time.

PLAINTIFF'S
EXHIBIT

H

1744633475009x871933656237867000



 **DocuPost**

# Certificate of Mailing Submission

On Apr 14, 2025 6:24 am, Christopher Mullally (christophermullally@gmail.com - 172.58.62.131) or an account user thereof submitted a letter to be mailed via DocuPost.com

The letter was moved to production and mailing at Apr 14, 2025 10:25 pm. The letter was assigned USPS tracking # 9214890235890900031652219

The supplied document contained 4 pages and was submitted with the following recipient information:

Multiple recipients

With the following supplied return address information:

Christopher Mullally
18121 E Hampden C597

Aurora CO 80013

**Certificate of Mailing Submission - Terms and Conditions**

This Certificate of Mailing Submission confirms that DocuPost LLC received a request to process and mail the specified document(s) from the user on the stated submission date. It serves as proof of submission to DocuPost's mailing system but does not guarantee that the document(s) were mailed, delivered, or received by the intended recipient. The submission date reflects the date and time the mailing request was successfully entered into our system, not the date the document(s) were physically mailed.

All information above reflects what was supplied to us by the end-user and/or what represents the most current information available as of the retrieval of this Certificate of Mailing Submission.

Please be aware that letter production times, holidays, non-business days, and variability in USPS processing and delivery schedules may impact the actual mailing and delivery timeline. While DocuPost strives to prepare and submit mailings as promptly as possible, delays may occur due to high demand, technical issues, non-business days, or USPS operational challenges, including those during peak mailing seasons or holidays. This Certificate of Mailing does not imply compliance with any legal or regulatory deadlines and should not be interpreted as evidence of actual mailing, delivery, or receipt. DocuPost LLC disclaims any liability for delays caused by letter production times, holidays, non-business days, USPS delays, or other circumstances occurring after the submission of your mailing request.



PLAINTIFF'S
EXHIBIT

I

**Tracking Number:**

**92148902358909000031652219**

⧉ Copy    🏃 Add to Informed Delivery

---

**Latest Update**

Your item has been delivered and is available at a PO Box at 9:37 am on April 21, 2025 in COMMERCE CITY, CO 80022.

**Get More Out of USPS Tracking:**

📱 USPS Tracking Plus®

✅ **Delivered**
**Delivered, PO Box**
COMMERCE CITY, CO 80022
April 21, 2025, 9:37 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

---

**Tracking Number:**

**92148902358909000031652202**

⧉ Copy    🏃 Add to Informed Delivery

---

**Latest Update**

Your item has been delivered and is available at a PO Box at 5:24 am on April 21, 2025 in LOS ANGELES, CA 90075.

**Get More Out of USPS Tracking:**

📱 USPS Tracking Plus®

✅ **Delivered**
**Delivered, PO Box**
LOS ANGELES, CA 90075
April 21, 2025, 5:24 am

See All Tracking History

**What Do USPS Tracking Statuses Mean?**

PLAINTIFF'S
EXHIBIT

# PROOF OF BILL PAYMENT

**FROM: Guessan J. <•••@•••.••>**

Guessan J. <•••@•• ••> • 14 minutes ago

To whom it may concern,

Hello Christopher, thank you so much for reaching out to us here at SoFi. We understand your concern regarding your bill payments arriving to Westlake Financial and I want to assure you that the bill payments of $5000, $5000, and $2,727.53 were debited from your account on 3/25/25 and are expected to arrive to Westlake Financial on 4/4/25. Keep in mind that the bill payments are in the form of a check and are delivered through the U S Postal Service. Below, I have attached the Bill Payment ID to all three bill payments as further proof that they have been processed.

Westlake Financial $2,727.53: ID# 25032512411476748208847
Westlake Financial $5000: ID#2503251240124332980984
Westlake Financial $5000: ID#2503251237517938410296

I hope this message finds you well and I thank you for reaching out to us, have a wonderful day!

If you have any other questions or concerns, please contact us via chat or call 855-456-7634. Our Help Center is available 24/7 and can assist with future questions through our mobile app and website.

Sincerely,
The SoFi Team

ARCHIVE MESSAGE

Reply                                                            Remaining: 10000

Attach a File      BROWSE ,

SEND        banktuptcy notice @
                 westlake financial

**Questions?**
**Call us for a loan consultation**
**1.855.456.7634 (tel:+18554567634)**



## M Gmail

Christopher Mullally <christop

PLAINTIFF'S
EXHIBIT

K

# Bk Case #24-17170-JGR... 2015 BMW 4 series
6 messages

**Ariel May** <AMay@peritusservices.com>                                    Thu, Jan 9, 2025 at 12:08 PM
To: "CHRISTOPHERMULLALLY@GMAIL.COM" <CHRISTOPHERMULLALLY@gmail.com>
Cc: June Rogers <JRogers@peritusservices.com>, Cecilita Harris <CHarris@peritusservices.com>

Good afternoon,

Please be advised we're the bankruptcy servicer for Westlake Financial Services. Per the Statement of intent filed on 12/2/2024, you intend to reaffirm the above collateral. However the last payment made was on 11/06/2024. As of today, the past due is $1,177.52. Please confirm if your intent has changed for this vehicle or we will proceed with motion for relief.

To make any payments, please contact our office at 855 526 6176. We're open Mon-Fri, 8am – 5:30pm CST.

Thank you,

Ariel May

Operations Team Lead

Peritus Portfolio Services

P.O. BOX 1149

Grapevine, TX 76099

Phone: 866.831.5954



**PERITUS**
PORTFOLIO SERVICES
A Trusted Name In Financial Services

---

**Christopher Mullally** <christophermullally@gmail.com>                    Fri, Jan 10, 2025 at 10:29 PM
To: Ariel May <AMay@peritusservices.com>
Cc: June Rogers <JRogers@peritusservices.com>, Cecilita Harris <CHarris@peritusservices.com>

Has not changed payment will be made shortly

Regards,

Christopher Mullally
[Quoted text hidden]



 **image001.jpg** 4K

---

**Cecilita Harris** <CHarris@peritusservices.com>               Mon, Jan 13, 2025 at 11:31 AM
To: Christopher Mullally <christophermullally@gmail.com>, Ariel May <AMay@peritusservices.com>
Cc: June Rogers <JRogers@peritusservices.com>

Good afternoon,

We will update our notes accordingly.

Thank you,

---

**From:** Christopher Mullally <christophermullally@gmail.com>
**Sent:** Friday, January 10, 2025 11:29 PM
**To:** Ariel May <AMay@peritusservices.com>
**Cc:** June Rogers <JRogers@peritusservices.com>; Cecilita Harris <CHarris@peritusservices.com>
**Subject:** Re: Bk Case #24-17170-JGR... 2015 BMW 4 series

**CAUTION:** *This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.*

[Quoted text hidden]

---

**Christopher Mullally** <christophermullally@gmail.com>         Tue, Feb 11, 2025 at 11:15 PM
To: Cecilita Harris <CHarris@peritusservices.com>
Cc: Ariel May <AMay@peritusservices.com>, June Rogers <JRogers@peritusservices.com>

I should be able to pay this within a week I'm just waiting for my taxes

Regards,

Christopher Mullally
[Quoted text hidden]

---

 **image001.jpg** 4K

---

**Ariel May** <AMay@peritusservices.com>               Thu, May 1, 2025 at 6:42 AM
To: Christopher Mullally <christophermullally@gmail.com>
Cc: June Rogers <JRogers@peritusservices.com>

PLAINTIFF'S
EXHIBIT

k 3

Good morning Mr. Mullally,

We have received your demand letter and we are a bit confused of your intention. Vehicle was not repossessed by Westlake it was impounded to Sheriff car impound prior to 3/11/2025 and since in danger of our collateral being disposed of we are allowed to remove our collateral since "in peril". Additionally Bankruptcy is dismissed so there is no violation of stay issue. Also on 4/14 you requested to have vehicle released to third party and on 4/22/2025 Westlake received the letter authorizing 3rd party to secure vehicle and vehicle has not been recovered since then.

There is no violation of stay issue.

You have been able to recover vehicle since 4/10/2025 (after we received final payment on 4/8/2025)

When will you be recovering the vehicle?

Thank you,

Ariel May

Operations Team Lead

Peritus Portfolio Services

P.O. BOX 1149

Grapevine, TX 76099

Phone: 866.831.5954



PERITUS
PORTFOLIO SERVICES
A Trusted Name in Financial Services

[Quoted text hidden]



**2 attachments**

📄 **32217295 - VEHICLE REPOSSESSION DEMAND LETTER 2417170.pdf**
147K

📄 **impound notice.pdf**
178K

**Christopher Mullally** <christophermullally@gmail.com>                    Mon, May 5, 2025 at 9:08 PM
To: Ariel May <AMay@peritusservices.com>

# Dear Ariel May / Peritus Portfolio Services,



PLAINTIFF'S EXHIBIT

K4

Thank you for acknowledging receipt of my deman[...]e 2015 BMW, VIN WBA3T1C53FP821074, Account # 32217295

To be clear, there should be no confusion regarding my intention. My demand letter explicitly detailed the unlawful actions taken by Westlake Financial and its agents and the remedies required.

Your assertion that the vehicle was merely "removed" from impound because it was "in peril" fundamentally mischaracterizes the situation and ignores applicable law:

1. **Violation of Automatic Stay:** My Chapter 7 Bankruptcy (Case No. 24-17170-JGR) was filed on December 2, 2024. Westlake received notice. The automatic stay under 11 U.S.C. § 362 was in full effect when Westlake, by its own admission in its CFPB response, made the determination on **March 24, 2025**, to recover the vehicle. Taking possession of and exercising control over property of the bankruptcy estate – regardless of whether it was initially in a police impound – without first obtaining relief from the bankruptcy court is a **willful violation of the automatic stay**. The "in peril" argument does not supersede federal bankruptcy law.

2. **Post-Dismissal Jurisdiction:** While the bankruptcy case was dismissed on April 15, 2025, this dismissal does **not** negate liability for willful violations of the automatic stay that occurred *before* the dismissal date. The Bankruptcy Court retains jurisdiction to impose sanctions for the pre-dismissal violation under 11 U.S.C. § 362(k). The stay violation issue absolutely remains.

3. **Vehicle Recovery & Location:** You state I have been able to recover the vehicle since April 10th, after final payment was received April 8th. This ignores the fact that Westlake unlawfully repossessed the vehicle and transported it **out of state to Utah**. The onus is not on me to travel to Utah and incur further expense to retrieve a vehicle that was wrongfully taken and removed from Colorado by Westlake in the first place. My demand letter clearly stated that Westlake must arrange and pay for the vehicle's return to my location in Colorado due to the unlawful nature of the repossession.

4. **Third-Party Release:** Any discussion regarding a third-party release occurred *after* the unlawful repossession and *after* payments were sent. It was an attempt to mitigate the situation created by Westlake's illegal actions and does not absolve Westlake of its liability for the initial stay violation, the UCCC violations, or its obligation to return the vehicle *to Colorado at its expense*. Furthermore, the issue of my ~$8,000 in personal property, unlawfully taken with the vehicle and still unaccounted for, remains unresolved.

## Demand:

I reiterate my demand: Westlake Financial must **immediately** arrange and pay for the transportation of my vehicle from ADESA Salt Lake City back to my location in Aurora, Colorado. Furthermore, Westlake must address the compensation for my personal property that was unlawfully taken and has not been returned.

Failure to take immediate action to return my vehicle to Colorado at your expense will compel me to proceed with filing the necessary motions in Bankruptcy Court seeking sanctions for the willful stay violation and pursuing all other available legal remedies without further notice.

I expect confirmation of the arrangements for the vehicle's return within **48 hours**.

Sincerely,

Christopher Mullally

PLAINTIFF'S
EXHIBIT

K5

[Quoted text hidden]



PLAINTIFF'S
EXHIBIT
L

THIS VALIDATED REGISTRATION CARD OR A FACSIMILE COPY IS _____ THE
VEHICLE FOR WHICH IT IS ISSUED. THIS REQUIREMENT DOES NOT APPLY WHEN THE
VEHICLE IS LEFT UNATTENDED. IT NEED NOT BE DISPLAYED. PRESENT IT TO ANY PEACE
OFFICER UPON DEMAND. IF YOU DO NOT RECEIVE A RENEWAL NOTICE, USE THIS FORM
TO PAY YOUR RENEWAL FEES OR NOTIFY THE DEPARTMENT OF MOTOR VEHICLES OF THE
PLANNED NON-OPERATIONAL STATUS (PNO) OF A STORED VEHICLE. RENEWAL FEES MUST
BE PAID ON OR BEFORE THE REGISTRATION EXPIRATION DATE OR PENALTIES WILL BE
DUE PURSUANT TO CALIFORNIA VEHICLE CODE SECTIONS 9552 - 9554.


EVIDENCE OF LIABILITY INSURANCE FROM YOUR INSURANCE COMPANY MUST BE PROVIDED
TO THE DEPARTMENT WITH THE PAYMENT OF RENEWAL FEES. EVIDENCE OF LIABILITY
INSURANCE IS NOT REQUIRED WITH REGISTRATION RENEWAL OF OFF-HIGHWAY VEHICLES,
TRAILERS, VESSELS, OR IF YOU FILE A PNO ON THE VEHICLE.


WHEN WRITING TO DMV, ALWAYS GIVE YOUR FULL NAME, PRESENT ADDRESS, AND THE
VEHICLE MAKE, LICENSE, AND IDENTIFICATION NUMBERS.


•••• •••••••••  DO NOT DETACH - REGISTERED OWNER INFORMATION  ••••••••••••••



REGISTRATION CARD VALID FROM: 05/08/2025 TO: 05/08/2026

| MAKE | YR MODEL | YR 1ST SOLD | VLF CLASS | YRS | TYPE VEH | TYPE LIC | LICENSE NUMBER |
|------|----------|-------------|-----------|-----|----------|----------|----------------|
| BMW | 2015 | 2015 | EL | 2024 | 170 | 11 | 9SSZ565 |

| TO 1 T MLN | WT | | | | | VEHICLE ID NUMBER |
|------------|-----|--|--|--|--|-------------------|
| CV | G | GD | | | | WBA3T1C53FF821074 |

| TYP VEHICLE USE | DATE ISSUED | CC/ | DT FEE RECVD | P | STICKER ISSUED |
|-----------------|-------------|-----|--------------|---|----------------|
| AUTOMOBILE | 04/10/25 | 60 | 04/10/25 | | D0933134 |

PR EXP DATE: 05/08/2026

REGISTERED OWNER                                           AMOUNT PAID
MULLALLY CHRISTOPHER                                       $    27.00
18121 E HAMPDEN AVE
APT C597                        AMOUNT        AMOUNT RECVD
                                 27.00    CASH :
                                          CHCK :   27.00
AURORA                                    CRDT :
CO            80013

ENCLOSED
WESTLAKE FNCL SVCS
PO BX 997592


SACRAMENTO
CA        958-9

   H00  VCS CW 000?00 0004  C   H00 041025 11  9SSZ565 85

63

PLAINTIFF'S
EXHIBIT
M



Used

## 2015 BMW 4 Series

428i xDrive SULEV 2dr Convertible AWD (2.0L 4cyl Turbo 8A)

**$17,000**   fair price

est. loan: $355/mo   $821 below market

$15.7k

$17,000   Get It Delivered

---

7:20   G   5G 83%

2015 BMW 4 Series - VIN...
edmunds.com

Summary   Features   Price   Payments

| | |
|---|---|
| Int. Color | ● Saddle Brown Dakota W/Exclusive Stitching Leather |
| Engine | Gas |
| Transmission | Automatic |
| Drivetrain | All Wheel Drive |
| MPG | 21/33 City/Hwy MPG ⓘ 25 Combined MPG |
| Horsepower | 240 hp |
| Seats | 4 ⓘ |
| VIN | WBA3T1CS2FP820742 |
| Stock # | FP820742P |

$17,000   Get It Delivered

PLAINTIFF'S
EXHIBIT

M2



**2015 BMW 4-Series**

Sale Pending ⓘ

**Transmission**
Automatic

**Drive Type**
AWD

**Body**
2 door Convertible

**MPG**
21 City / 33 Hwy

**VIN**
WBA3T1C52FP820742

Warning: Motor vehicles can expose you to chemicals known to the state of California to cause cancer and reproductive harm. For more information go to www.p65warnings.ca.gov.

Chat

**Shop Similar Vehicles**

---

1/35

**2015**
**BMW 4-Series**
428xi | 78,458 miles

**$17,000**

Sale Pending ⓘ

**Shop Similar Vehicles**

**7-Day Money-Back Guarantee**
If you don't love it, you can return

Chat

$2,200 Shipping to 80759



PLAINTIFF'S
EXHIBIT

2

**Westlake Financial**

4751 Wilshire Blvd. Suite 100 Los Angeles, CA 90010

April 23, 2025

Christopher Mullally
18121 E Hampden C597
Aurora, CO 80013

RE:   CFPB Complaint # 250414-20062896
      Westlake Financial Services Account # 32217295

Dear Mr. Mullally:

Westlake Financial ("Westlake", "we" or "our") has received the above referenced complaint. We value our customers and consider each complaint an opportunity to assist and service our customers more effectively. Thank you for permitting Westlake the opportunity to respond to your concerns.

An initial claim about a discrepancy with the downpayment was raised but dismissed due to lack of supporting evidence. The first payment attempt made on October 4, 2024, returned due to an error stating that the account was frozen. We sent a right to cure letter and confirmed receipt of the first payment of $350 on November 6, 2024, when the account was 33 days past due.

Bankruptcy was filed on December 3, 2024, and the account was charged off on March 1, 2025. The vehicle was reported as impounded on March 12, 2025. It is standard practice for lenders to recover collateral in such circumstances. Our bankruptcy department determined that it was appropriate to recover the vehicle on March 24, 2025, and we proceeded accordingly. These events occurred prior to the payments made on April 4, 2025.

Once a vehicle is repossessed, other parties become involved, operating independently and adhering to their respective policies and procedures. We do not have control over the vehicle's handling, transport, release, fees incurred, or information flow. For any damages or lost property, a claim must be filed directly with the tow yard. While we contract them to perform services for us, it is their responsibility to take care of the vehicle and its contents. We will cooperate fully with any investigation that requires our participation.

Regarding the claims of violations of Colorado repossession laws, we adhere to all applicable statutes and regulations. The notice issued on April 3, 2025, was in compliance with legal requirements. Additionally, our actions were conducted in accordance with industry standards and legal obligations.

Reports to credit bureaus made prior to the bankruptcy condition are accurate. According to the Fair Credit Reporting Act (FCRA), negative remarks can remain on your credit reports for seven years. We notify our customers on the monthly billing statement:

NOTICE TO CONSUMER ABOUT NEGATIVE CREDIT REPORTING: Federal law requires us to advise you that we may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Moving forward, post-bankruptcy conditions will be updated accordingly. All actions taken are in accordance with applicable laws, rules, regulations, and industry standards.



Westlake Financial


PLAINTIFF'S
EXHIBIT
N 2

4751 Wilshire Blvd. Suite 100 Los Angeles, CA 90010

Westlake trusts that we have sufficiently addressed your concerns. If you have any other questions or concerns, please call our Customer Service Department at 888-739-9192. Business hours are Monday – Friday: 5:00am – 7:00pm and Saturday: 5:00am – 2:00pm Pacific Time.

Sincerely,

Noel De Leon
Customer Assistance Associate


**PLAINTIFF'S EXHIBIT**

6:55 ⏱ ⊕ ⋈ ▲ ▲ ⊙ ·        📶 60 ⏴ 35% 🔋

**Credit alerts**                    ✕

 **CREDIT MONITORING**
05/16/2025

## Paid in full

Congratulations! It looks like you recently paid off an account balance. Keeping your balances low and your credit usage under 30% is a good way to continue to build and maintain your credit score.

Keep in mind, we monitor all accounts on your credit report, not just the ones you have with Chase.

**INFORMATION FOUND**

**Lender:**        WESTLAKE FINANCIAL SVC ⓘ

**Account status:**    ACCOUNT PAID

What you can do next

 Consider keeping this account open even though it's paid off.

⟳ If you have a balance on another account, consider applying the payment you made toward this account to the other one until you pay that one off.

|||        ◯        ‹



Then later that day...

6:56 ⏱ ⊕ ⋈ ▲ ▲ ⊙ ·        📶 60 ⏴ 35% 🔋

**Credit alerts**                    ✕

⚠ **CREDIT MONITORING**
05/16/2025

## Account update

It looks like you received a major derogatory mark on your credit report for your account with WESTLAKE FINANCIAL SVC.

Keep in mind, we monitor all accounts on your credit report, not just the ones you have with Chase.

**INFORMATION FOUND**

**Lender:**        WESTLAKE FINANCIAL SVC ⓘ

What you can do next

 Check your underline_credit report to make sure the information that's reported is correct.

 Sign in to your account and make sure you recognize this activity.

 If you don't recognize it, contact the lender at 1-888-739-9192.

FAQs

|||        ◯        ‹

✕  **All activity**


PLAINTIFF'S
EXHIBIT

| west | ✕ | ☰ |

**APRIL 10, 2025**

⬤ Debit Card: ACI*WESTLA...
Samsung Money by SoFi - 1871          -$915.00

**MARCH 25, 2025**

🖥 Bill Pay: Westlake Fina...
Samsung Money by SoFi -
1871                                  -$5,000.00

🖥 Bill Pay: Westlake Fina...
Samsung Money by SoFi -
1871                                  -$5,000.00

🖥 Bill Pay: Westlake Financ...
Samsung Money by SoFi -
1871                                  -$2,727.53

**FEBRUARY 27, 2023**

⬤ Debit Card: WEST VAIL 80
SoFi Money ****1367                    -$13.97

 Deposit: WESTERN UNI...
SoFi Money ****1367                  +$250.00

**OCTOBER 17, 2022**

---

lysis   **Credit Alerts**   **Score Simulator**   **Credit Report**

| RESPONSIBILITY | Individual |
| ACCOUNT DISPUTED | No |
| REMARKS | Paid profit and loss Payment after charge off/collection |
| CREDITOR INFO | WESTLAKE FINANCIAL SERVI 4751 WILSHIRE BVLD LOS ANGELES, CA 90010 (323) 692-8800 |
| DATE CLOSED | Apr 8, 2025 |

Inaccurate info? Report to TransUnion.

We have linked this account with the WalletHub page for Westlake Financial Services so that you can rate your experience with them. If this is inaccurate, please let us know.

---

**STUDENT LOAN**          **STATUS**              ⌄
Nelnet                    Closed

☆ ☆ ☆ ☆ ☆

  
🔲 Dashboards   ♻ Credit   $ Wallet   📄 Identity   💳 Offers   ⠿ More

|||      ◯      ‹





**Westlake Financial®**
4751 Wilshire Blvd. Suite 100
Los Angeles, CA 90010
1-888-739-9192

CHRISTOPHER MULLALLY
1162 S NOME ST,
AURORA, CO 80012

## NOTICE OF INTENT TO DISPOSE OF MOTOR VEHICLE
### California Civil Code Sections 2983.2 and 2983.3
### California Commercial Code Sections 9613, 9614 and 9623

Date of Notice: **04/03/2025**                                                          Account: **32217295**

| Name and address of holder of contract and legal owner of Vehicle (secured party):<br><br>Telephone number to call for information: **1-888-739-9192** | Westlake Financial Services<br>4751 Wilshire Blvd. Suite 100<br>Los Angeles, CA 90010 |
|---|---|

| Description of Motor Vehicle ("Vehicle") | | | |
|---|---|---|---|
| **Year**<br>2016 | **Make**<br>BMW | **Body**<br>4 SERIES | **Vin**<br>WBA3T1C53FP921674 |

| Name and address of each person (debtor) liable on the Agreement:<br>CHRISTOPHER MULLALLY<br>1162 S NOME ST<br>AURORA, CO 80012 |
|---|

### Subject: Motor Vehicle Conditional Contract of Sale ("Agreement")

### Notice of Our Plan to Sell Property

We have your Vehicle because you broke promises in our Agreement. We intend to dispose of the Vehicle as explained in this Notice, subject to your rights to reinstate the Agreement and get the Vehicle back (redeem) as described in this Notice.

| ☒ Private Sale |
|---|
| We will sell the Vehicle at private sale sometime after 8:00 AM on **04/28/2025**. A sale could include a lease or license. |

The sale date will be at least 20 days from the date of this Notice. You have the right to request an extension of this time of 10 additional days (see Right to Request an Extension of Time Form, bottom of page 4).

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can redeem the Vehicle (get it back) at any time before we sell it by paying us the Total Outstanding Balance (not just the past due payments) including our expenses. To learn the exact amount you must pay, call us at the telephone number shown at the top of this Notice, or refer to the REINSTATEMENT AND REDEMPTION section below. If you want us to explain to you in writing how we have figured the amount that you owe us, you may refer to the explanation in this Notice, or you may call us at the telephone number shown at the top of this Notice, or you may write to us at the address shown at the top of this Notice and request a written explanation.

If you need more information about the sale of the Vehicle, call us at the telephone number shown at the top of this Notice or write to us at the address shown at the top of this Notice.

Mon – Fri: 5 am to 8 pm • Sat and Sun: 5 am to 2 pm (all times pacific) • Phone: (888) 739-9192