Christopher Andrew Mullally
18121 E Hampden C597
Aurora CO 80013
3039018367
christophermullally@gmail.com

```
                                    FILED
                              U.S. DISTRICT COURT
                              DISTRICT OF COLORADO

                              2025 JUN -2  PM 3: 11

                              JEFFREY P. COLWELL
                                     CLERK

                              BY_____DEP. CLK
```

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

CHRISTOPHER ANDREW MULLALLY,

Plaintiff,

WESTLAKE FINANCIAL SERVICES, INC.,

PERITUS PORTFOLIO SERVICES, LLC,

ALL STAR RETRIEVERS, LLC, and

ADESA SALT LAKE CITY, INC.,

        Defendants.

Case No. _____

**MOTION FOR THE APPOINTMENT OF
COUNSEL**

TO THE HONORABLE COURT:

MOTION FOR THE APPOINTMENT OF COUNSEL
1
1

Plaintiff Christopher Mullally, proceeding pro se, respectfully moves this Court pursuant to Local Attorney Rule 15 for appointment of counsel through the Civil Pro Bono Panel program. This motion is supported by the following grounds:

## I. INTRODUCTION AND ELIGIBILITY

1. Pro Se Status: Plaintiff is currently proceeding without legal representation due to financial inability to retain counsel.

2. Qualifying Circumstances: Plaintiff meets the criteria for appointed counsel under Local Attorney Rule 15(f) as an unrepresented party who has demonstrated limited financial means.

3. Complex Federal Litigation: This case involves multiple federal statutes, emergency procedures, systematic deceptive practices, and significant damage exposure requiring specialized legal expertise.

## II. ANALYSIS UNDER LOCAL ATTORNEY RULE 15(f) FACTORS

Pursuant to Local Attorney Rule 15(f)(1)(B), this Court must consider four factors in determining whether to appoint counsel. Each factor strongly supports appointment in this case:

A. Factor 1: Nature and Complexity of the Action

This case involves exceptional complexity requiring specialized legal expertise:

Federal Bankruptcy Law Violations

1. Automatic Stay Analysis: Claims under 11 U.S.C. § 362(k) require detailed understanding of:

- Timing requirements for stay violations during active bankruptcies

- "Willfulness" standards under federal bankruptcy law

- Post-dismissal jurisdiction for pre-dismissal violations

- Calculation of actual and punitive damages

- Interaction between multiple creditor entities

2. Two-Notice Progression Analysis: The case requires expert analysis of:

- Commercial reasonableness standards under UCC Article 9

- Systematic pattern evidence versus isolated errors

- Knowledge and capability standards for willful misconduct

- Enhanced damages for pattern violations

Fair Credit Reporting Act Claims

3. FCRA Complexity: Claims under 15 U.S.C. § 1681n require expertise in:

- "Willful violation" standards for statutory damages ($100-$1,000 per violation)

- Furnisher liability under § 1681s-2 for credit manipulation

MOTION FOR THE APPOINTMENT OF COUNSEL
3
3

- Multiple violation timing and calculation

- Coordination with bankruptcy discharge protections


Federal Court Emergency Procedures


4. Emergency Relief: Claims under Federal Rule 65 involve:

- Ex parte TRO requirements and certifications

- Preliminary injunction standards under Winter v. Natural Resources Defense
Council

- Complex service and notice requirements for out-of-state defendants

- Multi-state enforcement and contempt proceedings


State Law Integration


5. Colorado Consumer Protection Act: Claims under C.R.S. § 6-1-105 involve:

- "Significant public impact" requirements for treble damages

- "Bad faith" standards for enhanced remedies

- Integration with federal claims for maximum recovery

- Pattern evidence requirements for systematic violations


Complex Technical Evidence


6. Vehicle Condition Concealment: The case requires analysis of:

MOTION FOR THE APPOINTMENT OF COUNSEL
4
4

- BMW key fob replacement costs and technical requirements

- Professional shipping company protocols for inoperable vehicles

- Forklift loading requirements for disabled vehicles

- Diminished value calculations for concealed conditions

7. Documentary Evidence Analysis: The case involves:

- Bankruptcy court records and precise timeline analysis

- Credit reporting data and furnisher communications

- Vehicle valuation and auction procedures

- Electronic communications analysis (Binder2 exhibits)

- Two separate disposal notices requiring comparative analysis

No reasonable pro se litigant could effectively navigate this complex federal litigation involving multiple specialized areas of law requiring expert coordination.

B. Factor 2: Potential Merit of Claims or Defenses

Plaintiff's claims have exceptional merit supported by unprecedented documentary evidence:

Automatic Stay Violation - Overwhelming Merit

1. Clear Timeline Evidence: March 24, 2025 repossession decision occurred during active bankruptcy stay (filed December 2, 2024, dismissed April 15, 2025).

MOTION FOR THE APPOINTMENT OF COUNSEL
5
5

2. Defendants' Admissions: Westlake's May 19, 2025 Notice includes bankruptcy language proving knowledge.

3. Systematic Pattern: Two-notice progression from legitimate collection to zero-balance disposition proves willfulness.

4. Substantial Damages: Courts regularly award $15,000-$25,000 in punitive damages for willful stay violations, and pattern evidence supports higher awards.

FCRA Violations - Compelling Evidence

5. Internal Inconsistency: Defendants' Notice shows "$0.00 unpaid balance" while credit reports show "charge-off."

6. No Legitimate Purpose: Credit manipulation from "satisfied" to "derogatory" to "charge-off" within days.

7. Multiple Violations: Each reporting change constitutes separate violation with statutory damages.

8. Pattern Evidence: Systematic nature supports maximum statutory damages and punitive awards.

Consumer Protection Claims - Systematic Deception

9. Two-Notice Progression: From legitimate $14,000 demand to zero-balance disposition proves systematic deception.

10. Title Non-Delivery: Promise to deliver title after payment followed by refusal constitutes bad faith.

11. Condition Concealment: Hiding inoperable condition and missing key fob prevented effective recovery.

12. Enhanced Damages: Pattern of deceptive practices supports treble damages under Colorado law.

Emergency Circumstances - Imminent Irreversible Harm

13. June 11, 2025 Sale: "Sale Pending" status with confirmed zero balance creates urgent emergency.

14. Vehicle and Personal Property: $17,000 vehicle value plus $8,000 personal property at immediate risk.

15. Credit Damage: Daily accumulating FCRA violations from false reporting.

The combination of clear violations, extensive documentary evidence, and substantial damages creates exceptionally strong claims warranting appointed counsel.

C. Factor 3: Demonstrated Inability to Retain Counsel

Plaintiff cannot afford legal representation due to documented financial hardship:

Financial Circumstances

1. Recent Bankruptcy Filing: Chapter 7 bankruptcy filing on December 2, 2024, demonstrates financial inability to pay debts.

2. Limited Income: Current monthly income of $1,230 with expenses of $1,510 creates negative cash flow.

3. Depleted Resources: $14,000 payment to Defendants exhausted available assets.

4. Current Financial Status: Bank accounts show minimal balances insufficient for attorney fees.

Legal Fee Reality

5. Complex Case Costs: Federal litigation with multiple claims typically costs $75,000-$150,000 in attorney fees.

6. Emergency Nature: Immediate TRO proceedings require substantial upfront investment.

7. Multi-State Enforcement: Out-of-state defendants require specialized coordination increasing costs.

Contingency Limitations

8. Risk Factors: Many attorneys decline complex federal cases on contingency due to procedural complexity.

9. Fee Recovery Potential: Multiple statutes provide for attorney fee recovery, reducing pro bono burden.

10. Public Interest: Case serves broader consumer protection interests warranting public investment.

D. Factor 4: Interests of Justice

Appointment of counsel serves critical justice interests:

Federal Law Enforcement

MOTION FOR THE APPOINTMENT OF COUNSEL
9
9

1.  Bankruptcy Protection: Automatic stay violations undermine fundamental
debtor protections nationwide.

2.  Consumer Credit Rights: FCRA violations affect credit reporting accuracy for all
consumers.

3.  Deterrent Effect: Successful prosecution deters future violations by major
financial institutions.

4.  Pattern Violations: Systematic misconduct requires professional prosecution to
prevent repetition.

Power Imbalance

5.  Institutional Defendants: Westlake Financial Services is a major financial
institution with extensive legal resources and multiple law firms.

6.  Multi-State Coordination: Defendants have counsel in California, Utah, and
Colorado creating resource disparity.

7.  Complex Procedures: Federal emergency procedures create insurmountable
disadvantage for pro se representation.

8.  Technical Evidence: Vehicle condition analysis and credit reporting require
expert presentation.

Judicial Efficiency

9. Proper Legal Presentation: Appointed counsel ensures complex issues are properly briefed and argued.

10. Procedural Compliance: Reduces court time addressing pro se procedural errors.

11. Settlement Facilitation: Professional representation improves prospects for fair resolution.

12. Precedential Value: Case involves important legal principles requiring expert development.

Public Policy

13. Consumer Protection: Case addresses systematic violations affecting all auto finance consumers.

14. Financial Industry Accountability: Holds major institutions accountable for deceptive practices.

15. Bankruptcy System Integrity: Enforces fundamental protections essential to bankruptcy effectiveness.

MOTION FOR THE APPOINTMENT OF COUNSEL
11
11

16. Emergency Relief Standards: Develops important precedent for complex multi-claim emergency proceedings.

The interests of justice overwhelmingly favor appointment given the federal law violations, institutional power imbalance, consumer protection issues, and precedential importance.

III. TYPE OF REPRESENTATION REQUESTED

General Representation: Plaintiff requests appointment of counsel for full representation throughout this litigation, including:

1. Emergency Relief: Completion of TRO proceedings and preliminary injunction hearing with complex multi-state enforcement

2. Discovery: Document review, expert witness coordination, and technical evidence analysis

3. Motion Practice: Federal court procedures, substantive briefing, and complex legal arguments

4. Trial Preparation: Jury selection, witness preparation, expert testimony coordination, and trial advocacy

5. Settlement Negotiations: Professional representation in complex damage calculations and resolution discussions

IV. URGENCY OF APPOINTMENT

MOTION FOR THE APPOINTMENT OF COUNSEL
12
12

Immediate appointment is critical due to:


1. June 11, 2025 Sale Date: Only 10 days remaining for emergency relief

2. Sale Pending Status: Imminent third-party sale threatens irreversible loss

3. TRO Hearing: Emergency proceedings require immediate professional representation

4. Multi-State Enforcement: Complex service and enforcement require specialized expertise

5. Evidence Preservation: Critical vehicle condition and document preservation require immediate professional attention

6. Daily FCRA Violations: Ongoing credit damage accumulates with each day of delay


V. CONCLUSION AND PRAYER FOR RELIEF


The four factors under Local Attorney Rule 15(f) overwhelmingly support appointment of counsel:


- Complexity: Multiple federal statutes, emergency procedures, and systematic pattern analysis exceed pro se capability

- Merit: Exceptional documentary evidence supports substantial damage claims with strong likelihood of success

- Financial Inability: Recent bankruptcy and negative cash flow prevent retention

- Justice Interests: Federal law enforcement, consumer protection, and institutional accountability warrant professional representation

MOTION FOR THE APPOINTMENT OF COUNSEL
13
13

The two-notice progression from legitimate debt collection to zero-balance disposition after payment creates compelling evidence of systematic deception requiring expert legal analysis. The concealment of vehicle condition and title non-delivery demonstrate additional layers of deceptive conduct warranting comprehensive professional prosecution.

WHEREFORE, Plaintiff respectfully requests this Court:

1. Grant this Motion and appoint counsel through the Civil Pro Bono Panel program

2. Expedite appointment given the emergency nature of the June 11, 2025 sale

3. Authorize general representation for all aspects of this complex litigation

4. Grant such other relief as this Court deems just and proper

---

RESPECTFULLY SUBMITTED,

/s/ Christopher Mullally

Christopher Mullally, Pro Se

18121 E Hampden Ave Unit E597

Aurora, CO 80013

Phone: 303-901-8367

Email: christophermullally@gmail.com

MOTION FOR THE APPOINTMENT OF COUNSEL
14
14

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Appointment of Counsel was served upon all parties via the methods indicated below on this _____ day of June, 2025:

Via CM/ECF System (when registered participants are identified)

Via Email to: BANKRUPTCYNOTICES@WESTLAKEFINANCIAL.COM

Via Overnight Delivery to: Westlake Financial Services, 4751 Wilshire Blvd, Suite 100, Los Angeles, CA 90010

Via Certified Mail to: [All defendant addresses when identified]

/s/ Christopher Mullally

Christopher Mullally

SUPPORTING FINANCIAL AFFIDAVIT

I, Christopher Mullally, declare under penalty of perjury that the following financial information is true and correct:

Monthly Income: $1,230 (Self-employment $300, Public assistance $180, Other $750)

Monthly Expenses: $1,510 (Rent $700, Medical $250, Food $150, Transportation $75, Other $335)

MOTION FOR THE APPOINTMENT OF COUNSEL
15
15

Net Monthly: -$280 (Negative cash flow)

Assets: 2015 BMW (held by defendants), $50 cash, amounts owed to me $12,800

Debts: Recent bankruptcy discharge, current vehicle situation

The $14,000 payment to Defendants depleted my available resources, and I cannot afford attorney fees for this complex federal litigation.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Christopher Mullally

Christopher Mullally

Date: June 2nd, 2025