IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-01729-SKC-STV

CHRISTOPHER ANDREW MULLALLY,

Plaintiff,

v.

WESTLAKE SERVICES, LLC, *et al.*,

Defendants.

---

**ORDER**

---

Plaintiff Christopher Mullally filed suit against Westlake Services, LLC[1] and ADESA Salt Lake City, Inc., for actions they allegedly took related to a 2015 BMW 4 Series convertible after Plaintiff filed for bankruptcy. Dkt.1, ¶¶13–16. Westlake and ADESA filed Motions to Dismiss the Complaint, and Plaintiff filed an Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction. *See* Dkt. 28 (Westlake Motion); Dkt. 41 (ADESA Motion); Dkt. 44 (Plaintiff's Motion). The Motions were referred to Chief Magistrate Judge Scott T. Varholak. Judge Varholak

[1] Westlake notes for the Court that it was incorrectly named as "Westlake Financial Services, Inc." by Plaintiff. Dkt. 63, p.1 n.1. As such, this Court has corrected the case style to reflect the correct name.

concluded that the Westlake Motion be granted in part and denied in part, the ADESA Motion be granted, and Plaintiff's Motion be denied.

Defendant Westlake (Dkt. 63) and Plaintiff (Dkt. 62) filed objections to Judge Varholak's Recommendation. The Court has reviewed the Complaint, the Motions to Dismiss, objections, and relevant briefing on these matters, and agrees with Judge Varholak's thorough and well-reasoned determinations. Consequently, the Court AFFIRMS and ADOPTS the Recommendation.

## LEGAL STANDARDS

### 1. Review of a Magistrate Judge's Recommendation

"The filing of objections to a [magistrate judge's] report enables the district judge to focus on those issues—factual and legal—that are at the heart of the parties' dispute,' and give the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Prop.*, 72 F.3d 1057, 1059 (10th Cir. 1996) (cleaned up) (citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including judicial efficiency. *Id.* at 1060. "[A]llowing parties to fully litigate their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act. *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." One Parcel, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In the absence of specific or any objections, the district court reviews the recommendation to satisfy itself that

there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a), (b).

**2. Treatment of a Pro Se Plaintiff's Pleadings**

A pro se litigant's pleadings are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## ANALYSIS

**1. Westlake Services, LLC's Objections**

Westlake objects to Judge Varholak's recommendation that its Motion to Dismiss as to Counts I (Willful Violation of the Automatic Stay under 11 U.S.C. § 362(k)) and IV (Violation of the Colorado Uniform Consumer Credit Code, Colo. Rev. Stat. § 5-5-110) be denied. Dkt. 63.

Regarding Count I, Defendant does not explicitly argue that Judge Varholak's Recommendation was incorrect. In fact, Defendant states that "this Court may find that the issue is not jurisdictional," which is exactly what Judge Varholak concluded. Dkt 63, p.5. Instead, Defendant suggests this Court should nevertheless "dismiss the case in favor of having the issue decided in bankruptcy court, given the bankruptcy court's previous exercise of jurisdiction and previous dismissal of Plaintiff's bankruptcy there." *Id.* The Court declines to do so. First, Congress has provided that "the district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). And the Supreme Court has held that "Section 157 allocates the authority to enter final judgment between the bankruptcy court and the district court," but "[t]hat allocation does not implicate questions of subject matter jurisdiction." *Stern v. Marshall*, 564 U.S. 462, 480 (2011). Accordingly, Defendant's objection is overruled.

Regarding Count IV, Defendant argues Judge Varholak reviewed a post-repossession notice when he instead should have reviewed the Notice of Right to Cure, which is a pre-possession notice that meets the requirements of Colo. Rev. Stat. § 5-5-110(2). Dkt. 63, p.5. What Defendant fails to mention is that it did not attach the Notice of Right to Cure to its Motion to Dismiss or Reply. Yet somehow, Judge Varholak should have considered it. This Court will not consider issues raised for the first time in objections; thus, Defendant's objection is overruled.

### 2. Plaintiff's Objections

Plaintiff objects to dismissal of Counts I, III, and V. Dkt. 62. Regarding Counts I and V, he attaches an exhibit that details "a conversation with ADESA's bankruptcy servicer." Id. p.2. As stated above, the Court will not consider issues raised for the first time in objections, which is what Plaintiff attempts to do. Thus, his objections with respect to Counts I and V are overruled.

With respect to Count III (the Colorado Consumer Protection Act claim), Plaintiff argues Judge Varholak erred in finding there was no "significant public impact" because "[i]f the form sent to Plaintiff was statutorily defective, it is a virtual certainty that the same defective form is sent to thousands of Colorado consumers." *Id.* p.4. But the Complaint makes no mention of this public impact, and Judge Varholak did not err in determining that this claim should be dismissed. Plaintiff's objection is overruled.

* * *

For the reasons shared above, the Court AFFIRMS and ADOPTS Chief Magistrate Judge Scott T. Varholak's Recommendation. Accordingly, Westlake's Motion to Dismiss is granted in part and denied in part; ADESA's Motion to Dismiss is granted; and Plaintiff's Amended Emergency Motion for Temporary Restraining Order and Preliminary Injunction is denied.

DATED: March 25, 2026.

BY THE COURT:

S. Kato Crews
United States District Judge